JOURNAL ENTRY AND OPINION
{¶ 1} The state of Ohio appeals from the judgment of the Cuyahoga County Court of Common Pleas, which granted criminal defendant Antoine Bennett's motion to suppress. For the reasons stated below, we affirm.
 {¶ 2} On July 12, 2007, the Cuyahoga County Grand Jury indicted defendant on two counts of drug trafficking, one count of drug possession, and one count of possessing criminal tools. Defendant entered a plea of not guilty to the indictment and filed a motion to suppress the evidence.
 {¶ 3} At the suppression hearing on September 18, 2007, Detective Juan Mendoza of the Cleveland police vice unit testified that he and his partner were responding to a call to assist other officers who had stopped a vehicle on West 93rd Street near Madison Avenue. Mendoza stated that he exited his vehicle and scanned the area for safety reasons. He noticed defendant standing outside a car located just across the street from the traffic stop and the car was facing the wrong direction. As Mendoza walked up to the traffic stop, he looked over at defendant who immediately turned around and put his hand in his mouth. Mendoza suspected defendant was hiding drugs in his mouth.
 {¶ 4} Mendoza testified that he was afraid defendant might have a weapon on him so he concentrated his attention on defendant and walked over to where defendant was standing. He observed defendant put his head inside the open door of the car. Mendoza took defendant by the arm and pulled him away from the car in order to pat him down for weapons. Defendant started shaking nervously and made a motion toward his right pocket. *Page 5 
At that time, another detective observed suspected drugs in defendant's mouth. Defendant was instructed to spit out the drugs. He complied and a large rock of cocaine was recovered from his mouth. Defendant was placed under arrest and a bag of marijuana was found in his right pocket.
 {¶ 5} The trial court granted defendant's motion to suppress the evidence, basing its decision on the fact that the detectives did not see what defendant had put in his mouth. The court found that absent any facts or testimony as to what defendant put in his mouth there was no reason to detain him. The state appeals from this decision and assigns the following error for our review:
 {¶ 6} "I. The trial court erroneously granted defendant's motion to suppress because the court failed to look at the totality of the circumstances when making its ruling."
 {¶ 7} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at _8. In considering a motion to suppress, the trial court is in the best position to decide the facts and to evaluate the credibility of the witnesses. State v. Mills (1992), 62 Ohio St.3d 357,366. Consequently, we must accept the trial court's findings of fact if they are supported by competent and credible evidence. State v.Curry (1994), 95 Ohio App.3d 93. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts satisfy the applicable legal standard.Burnside, supra, at _8.
 {¶ 8} Where a police officer has the requisite reasonable and articulable suspicion of criminal activity, he may make an investigative stop. See State v. Victor (1991), *Page 6 76 Ohio App.3d 372. An investigative stop does not violate the Fourth Amendment to the United States Constitution if the police have reasonable suspicion that "the person stopped is, or is about to be, engaged in criminal activity." United States v. Cortez (1981), 449 U.S. 411, 417. In Terry v. Ohio (1968), 392 U.S. 1, the court provided that an investigative stop must be reasonable from its inception based upon "specific articulable facts, which, taken together with rational inferences from those facts, reasonably warrant intrusion." Id. at 21-22. To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a reasonably prudent police officer to believe that the person stopped has committed or is committing a crime. Id. at 27. In deciding whether reasonable suspicion exists, courts must examine the "`totality of the circumstances' of each case to determine whether the detaining officer has a `particularized and objective basis' for suspecting legal wrongdoing." State v.Bostick, Cuyahoga App. No. 81900, 2003-Ohio-3252, _11, quotingUnited States v. Arvizu (2002), 534 U.S. 266, 273.
 {¶ 9} The trial court who heard Mendoza's testimony concluded the officer's testimony fell short of establishing reasonable suspicion, and we agree. The trial court found that the facts established that Detective Mendoza, while assisting other officers in a traffic stop, observed defendant standing on the other side of the street next to his car, watching the traffic stop. Defendant was not involved in the traffic stop, but merely a bystander. Detective Mendoza looked at defendant and saw him turn and put his hand to his mouth. He also saw defendant put his head in the car. Based upon this behavior, Mendoza decided to stop and frisk defendant. *Page 7 
 {¶ 10} We agree that the state has failed to point to specific, articulable facts to support an objective and reasonable suspicion that defendant was involved in wrongdoing. While there is no doubt that Mendoza had a hunch that defendant was trying to secrete drugs when he saw defendant turn and put something in his mouth, "a valid investigative stop must be based upon more than a mere `hunch' that criminal activity is afoot." Arvizu, supra, at 274.
 {¶ 11} We are aware that there are cases in this court in which a defendant's turning from police and placing something in his mouth has supported justifying a Terry-type stop. However, in each of those cases there was some additional movement or behavior that led to the reasonable suspicion that defendant was engaged in selling drugs. SeeState v. Victor (1991), 76 Ohio App.3d 372; State v. Nievas (Mar. 7, 1996), Cuyahoga App. No. 69284.
 {¶ 12} In the instant case, appellant was observed doing nothing more than standing on the street watching a traffic stop when he turned away and put his hand to his mouth. Under the circumstances, without something more, the detectives did not have the requisite reasonable suspicion to stop and frisk defendant. Accordingly, the trial court did not err in granting defendant's motion to suppress. Appellant's single assignment of error is overruled and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1